IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CESSNA FINANCE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-1124-JTM-TJJ |
| ) | |
| TRI-COUNTY BUILDERS CORPORATION ) | |
| and ROBERT L. CHILDERS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

In this removal action, Plaintiff Cessna Finance Corporation seeks to recover alleged outstanding deficiencies due under a defaulted promissory note and security agreement executed by Defendants for the finance of a Cessna Conquest Model 425 aircraft. This matter is presently before the Court on Defendants' Motion for Leave to File Third-Party Complaint (ECF No. 14). Defendants Tri-County Builders and Robert L. Childers request leave to file a third-party complaint, pursuant to Federal Rule of Civil Procedure 14(a)(1), that asserts a single claim of "disparagement" against third-party defendant Cessna Aircraft Company ("Cessna Aircraft"), the aircraft manufacturer. Defendants' proposed "disparagement" claim is based upon Cessna Aircraft Company's issuance of supplemental aircraft inspection and maintenance requirements that Defendants allege significantly diminished the aircraft's resale value, and thereby increased the amount of the deficiency damages sought by Plaintiff in this case. Plaintiff opposes the motion, arguing that Defendants' proposed disparagement claim is separate and distinct from the underlying deficiency judgment action and does not fall within Rule 14, where the third-party's liability must be derivative of, or dependent on, the main claim. For the reasons set forth below, the motion is denied.

I.      **Legal Standard for Filing Third-Party Complaints**

Federal Rule of Civil Procedure 14 governs the filing of a third-party complaint. Under Rule 14(a)(1), a defending party may file a third-party complaint against a nonparty "who is or may be liable to it for all or part of the claim against it."[1] The defendant must obtain leave of court by motion if the third-party complaint is filed more than 14 days after serving its original answer.[2] Whether to grant a third-party complaint is within the sound discretion of the trial court; but because Rule 14 is intended to "reduce the multiplicity of litigation," courts should construe it liberally.[3]

Rule 14, however, generally does not permit indiscriminate filing of all third-party complaints.[4] Secondary or derivative liability on the part of the proposed third-party defendant is "crucial and central to properly invoking Rule 14," and the third-party plaintiff must show "that this critical element is met before the [c]ourt will allow the filing of a third-party complaint."[5] Liability is secondary or derivative where plaintiff's success on its claims against defendant establishes defendant's right to relief against the proposed third-party defendant.[6] A third-party claim cannot simply be a related claim or one arising out of the same general background.[7]

---

[1] Fed. R. Civ. P. 14(a)(1).

[2] *Id.*

[3] *Lansing Trade Grp., LLC v. OceanConnect, LLC*, No. 12-2090-JTM-GLR, 2013 U.S. Dist. LEXIS 3170, at *3–4 (D. Kan. Jan. 9, 2013).

[4] *Id*. at 4. *See also* 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1446 (3d ed. 2010) ("A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party.").

[5] *Lansing Trade Grp.*, 2013 U.S. Dist. LEXIS 3170, at 5–6.

[6] *See id.* at 7.

[7] *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003). *See also* 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and*

While secondary or derivative liability is generally a prerequisite to a proper third-party complaint, it is not determinative. Even if derivative liability is found, the court must consider the following factors in exercising its discretion to grant or deny a Rule 14 motion: (1) the benefits of a single action versus prejudice to the other party and confusion; (2) the timeliness of the request and prejudice to the plaintiff in delay; (3) whether the main case would unnecessarily expand in scope; (4) whether impleading new parties would unduly delay or complicate the trial; and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of the third-party complaints.[8]

## II.     The Parties' Arguments

Defendants assert in their two-page motion that if they are held liable to Plaintiff, then they are entitled to "indemnification and/or contribution for Cessna Aircraft's negligence contributing to the loss alleged in the original Petition." They argue an entitlement to indemnity and/or contribution from Cessna Aircraft for its tortious act of "disparagement." Defendants allege that Cessna Aircraft implemented unwarranted aircraft maintenance requirements which substantially diminished the resale value of the aircraft and increased the amount of deficiency damages sought by Plaintiff against them. In their reply, Defendants argue that the Court should permit the filing of the third-party complaint because Cessna Aircraft is closely related (a sister company) to Plaintiff Cessna Finance and the interrelationship of the two corporations makes the filing of a third-party complaint against Cessna Aircraft anything but an "indiscriminate" filing. It also cites a 1983 case from the Southern District of New York, *Old Republic Ins. Co. v.*

---

*Procedure* § 1446 (3d ed. 2010) ("The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.).

[8] *Admin. Comm.,* 216 F.R.D. at 514.

*Concast, Inc.,*[9] for the proposition that not all third-party claims need to be derivative of the original claim.

Plaintiff opposes the motion, arguing that a third-party claim is not proper where it is separate and independent from the claim alleged in the original complaint. Applying that principle to these facts, Plaintiff claims that success on its main breach of contract claims will not establish any right to relief by Defendants against the proposed third-party defendant. In other words, Plaintiff argues that Defendants' proposed claims against Cessna Aircraft are not secondary to or derivative from Plaintiff's contract deficiency action against Defendants. Alternatively, Plaintiff argues that even if Defendants' disparagement claim was derivative, the factors considered in deciding Rule 14 motions weigh towards denial of the motion.

### III. Whether Defendants Should Be Granted Leave to File Their Proposed Third-Party Complaint

The Court concludes that Defendants have failed to establish that their proposed third-party complaint asserts a claim upon a nonparty who is or may be liable for all or part of the claim against them in this case. Although Defendants allege that proposed third-party defendant Cessna Aircraft's actions increased the deficiency damages sought by Plaintiff, they fail to establish that Cessna Aircraft's liability is dependent on the outcome of Plaintiff's claim or that it is secondarily liable to Defendants. Even if Defendants are found to be liable to Plaintiff for a deficiency under a breach of contract theory in this case, that finding of liability would not itself entitle Defendants to a right to indemnification from Cessna Aircraft. Furthermore, Defendants mischaracterize the potential liability as "indemnification," as Kansas law does not recognize implied indemnification in contract claims.[10] Cessna Aircraft's purported liability to Defendants

---

[9] 99 F.R.D. 566, 569 n.1 (S.D.N.Y. 1983).

[10] *Id.* at *7 (relying on *Haysville U.S.D. No. 261 v. GAF Corp.*, 666 P.2d 192, 199 (Kan. 1983)).

would not be secondary to or derivative of Defendants' liability to Plaintiff under the Promissory Note, Security Agreement, and Guaranty in this case. Moreover, Defendants' reliance on *Old Republic Insurance Co. v. Concast, Inc.*[11] is misplaced. *Old Republic* stands for the proposition that third-party claims for declaratory relief need not be secondary or derivative.[12] Defendants' proposed third-party complaint does not request declaratory relief, therefore, *Old Republic* is inapplicable and the general rule of requiring secondary or derivative liability controls.

Finally, even if derivative or secondary liability was present, the Court finds the other factors weigh in favor of denying the motion. Specifically, Defendants' proposed disparagement claim against third-party defendant Cessna Aircraft would create burdensome factual and legal questions that could unduly delay and unnecessarily complicate the present case's relatively straightforward breach of contract claim. In light of the potential for unnecessary complication and because Defendants' claim is not secondary to or derivative of Defendants' purported liability to Plaintiff under the Promissory Note, Security Agreement, and Guaranty, the proper place to raise that claim is in a separate action against Cessna Aircraft.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Leave to File Third-Party Complaint (ECF No. 14) is DENIED.

**IT IS FURTHER ORDERED THAT** a Scheduling Conference is set for **January 9, 2015 at 10:00 a.m.** for the purpose of resetting the Scheduling Order deadlines.  The parties should submit a revised Report of Planning Conference on or before **January 5, 2015.**

**IT IS SO ORDERED**.

---

[11] 99 F.R.D. 566, 568 (S.D.N.Y. 1983).

[12] *Id.* at 568 (noting that "[f]or most cases…impleader may properly occur only in cases where a third-party defendant's liability derives from or is secondary to that of defendants…[i]n an action for declaratory judgment, however, such an interpretation of the Rule makes it logically impossible for defendants to maintain third-party complaints.")

Dated in Kansas City, Kansas on this 15th day of December 2014.

                                                   *s/ Teresa J. James*
                                                 Teresa J. James
                                                 United States Magistrate Judge